No. 2.—E. CROOM, plaintiff in error, *vs.* THOMAS CONE, defendant in error.

[1.] Where a defendant takes possession of the property of a decedent's estate, as an executor in his own wrong, and *fraudulently* removes and secretes the same for a number of years, and when found, after diligent search, within three months *prior* to filing the complainant's bill, admitting he had the property in his possession, and promised to account and pay to the complainant the one-half thereof: *Held*, that such claim of the complainant was not stale and barred by *lapse of time.*

In Equity, in Dooly Superior Court.    Decision on demurrer, made by Judge POWERS.    April Term, 1852.

The bill charged that in 1824, in Richland District, State of South Carolina, Edmund Rials died intestate, leaving his widow, Frances Rials, and three children, surviving him.    He also left a large estate, valued at twenty thousand dollars.

Shortly after the death of Rials, his two youngest children, being infants, also died. His widow took possession of the estate, and in the year 1825 intermarried with Thomas Cone, who went into the possession of the property.

The bill states that Eliza, the only surviving child of Edmund Rials, intermarried with one Daniel Horton, in the year 1833, while yet a minor; that Horton is still in life; and that Frances Cone, formerly Frances Rials, and Eliza Horton, were and are the only heirs and distributees of the estate of Edmund Rials.

The bill further charges, that soon after Thomas Cone came into the possession of said estate, he secreted the property, and removed from South Carolina to parts unknown, carrying the property belonging to said estate with him; and that complainant diligently sought, for years, to ascertain the residence of Cone, and that he filed his bill within three months after discovering it; that Daniel Horton and his wife Eliza, refused to allow complainant the use of their names in the case.

The bill charges that complainant called on Thomas Cone, and demanded a settlement and payment of the share of said estate coming to the said Daniel Horton in right of his wife; that Cone promised to pay over one-half of said estate, but has failed to do so.

The bill further charges, that in the year 1833, Daniel Horton sold and transferred by deed, for a valuable consideration, to Thomas J. Warthen, all of his interest in said estate, and that Warthen subsequently, and in the same year, sold, transferred, and delivered said deed to complainant. The bill charges, that the whole of said estate is now in the hands of Cone, and prays that he may be decreed to come to a settlement with complainant, and pay over to him the distributive share of said estate, coming to the said Daniel Horton, in right of his wife, Eliza Horton, formerly Eliza Rials.

To this bill a general demurrer was filed. It was also demurred to on the grounds—

1st. That Daniel Horton and his wife, and Thomas J. Warthen, were necessary parties.

Croom *vs.* Cone.

2d. The Statute of Limitations.

The Court sustained the demurrer, "because there was no equity in the bill; the claim of complainant having become stale and barred by the lapse of time."

To which decision counsel for complainant excepted.

C. B. Cole, for plaintiff in error.

Jno. M. Giles, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The only question made by the assignment of error in this case is, that the Court erred in dismissing the complainant's bill, on the ground that the claim asserted therein had become stale and was barred by lapse of time.

It is expressly charged in the complainant's bill, " that the defendant fraudulently took possession of the property belonging to the estate of Edmund Rials, as executor in his own wrong, and clandestinely and fraudulently secreted said property, and removed it and himself from the State of South Carolina, immediately upon getting possession thereof; that the complainant for years, and from the time of the removal of the defendant, as above charged, was diligently searching and inquiring for him, and did not ascertain his residence until some three months before the filing this bill; that when he first discovered and found the residence of the defendant in Dooly County, as before stated, complainant called on him and demanded a settlement, and payment of the share or interest of said Daniel Horton, in right of his wife, in and to the estate of her father, Edmund Rials, and the said defendant then and there admitted that he had said property, and promised to pay complainant the one-half thereof, but has wholly failed to do so." The complainant's bill was filed on the 5th day of March, 1852, and only three months prior to that time the defendant admitted he had the property, fraudulently obtained by him, as charged in complainant's bill, and promised to

Croom *vs.* Cone.

pay the complainant the one-half thereof, but failed to do so; and yet, it is gravely contended, that the complainant's equity is barred by the lapse of time. To state *the facts* of this case, as the same appear on the face of this record, is to *decide* it. Let the judgment of the Court below be reversed.