EDMONDS' EX'RS *vs.* GOODWYN AND GOODWYN.

Notwithstanding fraud and concealment is a good reply to the plea of the statute of limitations, still, where the demand is thirty years old, and the creditor has been grossly negligent in not ferreting out the fraud, equity will not lend its aid in such a case.

Equity, in Coweta superior court.   Decision on demurrer, by Judge HAMMOND, at September Term, 1858.

This was a bill filed by plaintiffs in error as executors of of the last will and testament of Thos. Edmonds, deceased, late of Dinwiddie county in the State of Virginia, against the defendants in error, of the county of Coweta, in the State of Georgia, seeking to enforce and recover satisfaction of certain judgments obtained in the State of Virginia against Burwell Goodwyn, the defendants' testator.

The bill alleges that these judgments were recovered 7th April, 1830 ; and that said Burwell Goodwyn, to injure and defraud complainants, and defeat the payment and collection of said judgments, caused his property, or certain portions thereof, to be sold at public sale by the sheriff of Dinwiddie county, in the State of Virginia, and bought in clandestinely and fraudulently, by one Oliver, with said Burwell's own money, and for the benefit of

said Burwell and family; and after said sale the property returned to, and remained in possession of his family, and was nominally held and claimed by Mrs. Elizabeth Goodwyn, the mother of said Burwell. That more successfully to carry out this fraudulent scheme, the said Elizabeth pretended to execute her last will and testament, bequeathing said property, consisting of slaves, to Napoleon B. Goodwyn, a son of Burwell and grand-son of said Elizabeth, but that the said Burwell continued in possession of said negroes until his death in the year ——. That after his death the said negro slaves went into the possession of Nancy Goodwyn, his widow; and she, with Napoleon B. Goodwyn, her son, has held said slaves ever since, and still holds them, without administration on said Burwell's estate; such failure to administer being a part of the plan to conceal and consummate the said fraud, and to hold out to the world that said Burwell owned no property at the time of his death. That afterwards, the said Nancy Goodwyn with her family, including Napoleon, removed from the State of Virginia, to Coweta county, in the State of Georgia, and brought with them the said slaves. That matters thus stood when Napoleon B. came of age, and he brought suit against his mother, the said Nancy, for these slaves, which suit is still pending, and who is defending said action upon the ground of the statute of limitations, and that said sheriff's sale and will of Elizabeth Goodwyn were all a pretext and arrangement to secure said negroes to Burwell Goodwyn and his family, and to protect the same from his creditors. That such was the condition of things until the spring of 1857, when Napoleon returned to Virginia with a view of looking up evidence to support his suit for said negroes, then pending against his mother; when meeting with complainants he informed them of the aforesaid facts, which was the first time they had ever discovered said fraud.

The prayer of the bill is, that defendants be decreed to

pay and satisfy the judgments aforesaid, out of the negroes in their possession, belonging to the estate of said Burwell Goodwyn, deceased, and which were thus sold, held and remained as aforesaid, for the purpose of defrauding complainants and defeating their judgment claims.

Defendants filed a demurrer to this bill, and for cause of demurrer alleged :

1. That there is no equity in said bill.

2. That the complainants have an adequate and full remedy at law.

3. That complainants' cause of action as set out in their said bill, is stale and barred by lapse of time.

4. That the cause of action did not accrue within five years before the filing of said bill.

5. That the judgments which are sought to be recovered are the judgments of another State, and have not been obtained within five years next before the commencement of this suit, and are consequently barred by the statute of limitations.

After argument the court sustained the demurrer, and dismissed complainants' bill, and counsel excepted.

B. H. HILL, for plaintiff in error.

FREEMAN, and SIMMS, contra.

*By the Court.*—LUMPKIN, J., delivering the opinion.

This is an attempt to enforce a foreign judgment, thirty years old, against certain persons in this State. To the plea of the statute of limitations, the complainant replies that while it is true that he had a cause of action upon his judgment against the estate of Burwell Goodwyn, the debtor, that he had none which he could enforce against the defendants, until the fraudulent concealment of certain property by them, belonging to Burwell Goodwyn,

was recently discovered.    Let this pass for as much as it is worth.    We rather think it was a sufficient reply to the plea.

Burwell Goodwyn resided in the State of Virginia when this property was sold by the sheriff as his property. There the creditor has lived.   The property, when sold, went immediately back into the possession of Burwell Goodwyn, the defendant in execution, and remained there as long as he lived, and has been in the possession of his family ever since.   Here was a badge of fraud, open and notorious, which should have put the creditor upon inquiry whether the pretended sale was not a sham ; and whether the money of Burwell Goodwyn, and not of Mrs. Elizabeth Goodwyn, his mother, did not go to pay for the property.

While, then, we admit that the fraud, until discovered, will prevent the statutory bar from attaching, yet there must be reasonable diligence on the part the creditor to detect the fraud.   That, we think, is wanting in this case ; and that the want of it is fatal to the complainants' right to recover, if there was no other reason.

Judgment reversed.