### AMERSON *v.* HARLEY *et al.*

EVANS, P. J. The assignment of error is upon the refusal of a temporary injunction, and a consideration of the evidence is necessary for a determination of the alleged error. The bill of exceptions does not contain the evidence, nor was an approved brief of the evidence filed as part of the record. The plaintiff in error, after the bill of exceptions was signed, presented to the court a number of affidavits for identification and certification that they were used on the hearing. This the court did; but there is no authority of law for such procedure, and the evidence is not properly before this court. The judgment must, therefore, be affirmed for failure to show error.

*Judgment affirmed. All the Justices concur.*

No. 155. MAY 16, 1917.

Petition for injunction. Before Judge Park. Hancock superior court. January 13, 1917.

*J. W. Lewis* and *Wiley & Lewis,* for plaintiff.

*R. H. Lewis,* for defendants.

---

### AVERA *et al. v.* SOUTHERN MORTGAGE COMPANY.

GILBERT, J. 1. As an abstract principle of law, it was error to reject certain voluntary deeds, which had been recorded. But the error was harmless, since the record of a voluntary deed is not notice to an innocent third person who acquires for a valuable consideration a contract lien against the property. Actual notice is required by law, in order to give priority to a voluntary deed. *Fleming* v. *Townsend,* 6 *Ga.* 104 (50 Am. D. 318); *Fowler* v. *Waldrip,* 10 *Ga.* 350; *Finch* v. *Woods,* 113 *Ga.* 996 (39 S. E. 418); Civil Code (1910), § 4198.

2. Under the facts of this case, the court did not err in directing a verdict for the plaintiff. *Judgment affirmed. All the Justices concur.*

MAY 17, 1917.

Claim. Before Judge Worrill. Terrell superior court. August 15, 1916.

*M. C. Edwards* and *W. H. Gurr,* for plaintiffs in error.

*Yeomans & Wilkinson,* contra.