STEPHENS *v.* WALKER, administratrix.

No. 13952. JANUARY 15, 1942.

*Howell Brooke,* for plaintiff. *Wood & Spence,* for defendant.

JENKINS, Justice. 1. By analogy to the rule that an action to recover land can be defeated by a prescriptive title acquired by seven-years possession under color of title, the period of limitation applicable to an equitable suit for cancellation of a deed is seven years from the date of its execution. *Harris* v. *Neuman,* 179 *Ga.* 879, 883 (177 S. E. 698), and cit.; *Pierce* v. *Middle Georgia Land & Lumber Co.,* 131 *Ga.* 99 (4), 103 (61 S. E. 1114) ; *Knox* v. *Yow,* 91 *Ga.* 367 (5), 376 (17 S. E. 654) ; *Whittle* v. *Nottingham,* 164 *Ga.* 155, 161 (138 S. E. 62). An exception to this rule has been noted, where suit is brought primarily for recovery of the land under an antecedent deed, against one holding, but with less than seven years actual possession, under a junior deed. In such a case, cancellation of the subequent deed under which the defendant claims being a mere incident to the question of title, the fact that the deed may have been executed for more than seven years will not operate to prevent its cancellation. *Latham* v. *Fowler,* 192 *Ga.* 686 (2), 692 (16 S. E. 2d, 591), and cit.

On an equitable petition seeking merely a cancellation of a deed, although "equity follows the analogy of the law" in allowing the seven year period of limitation, this time is permitted only if "there are no special circumstances demanding an earlier application." *Pierce* v. *Middle Georgia Land &c. Co.,* supra; *McDonald* v. *Sims,* 3 *Ga.* 383. Where such circumstances exist, calling for an interposition of the equitable doctrine of laches (Code, § 3-712; *Grant* v. *Grant,* 192 *Ga.* 153, 165, 14 S. E. 2d, 860, and cit.), equity will refuse relief "to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." § 37-119. An unreasonable delay until the death of essential witnesses, which practically precludes the court "from arriving at a safe conclusion as to the truth of the matters in controversy," and which "makes the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue," will bar the action. *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3, c, d), 733 (156 S. E. 603), and cit.

2. The rule of limitation as set forth does not apply if the defendant, or those under whom he claims, have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action. In such a case the period of limitation shall run only from the time of the discovery of the fraud. Code, § 3-807.

Equity applies a similar rule as to laches. *Stocks* v. *Leonard,* 8 *Ga.* 511 (2), 515; *Croom* v. *Cone,* 13 *Ga.* 21, 23; *Waters* v. *Waters,* 124 *Ga.* 349 (2) (52 S. E. 425). But the fraud deterring a plaintiff from suing within the necessary time must have been actual fraud, involving moral turpitude; and mere failure to give notice of a cause of action will not constitute the necessary fraud, unless a fiduciary relation exists which renders it the duty of the one possessing the facts as to the cause of action to reveal them. A mere kinship by blood does not create such a relation. *Crawford* v. *Crawford,* 134 *Ga.* 114 (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932); *Brinsfield* v. *Robbins,* 183 *Ga.* 258, 270 (188 S. E. 7), and cit.; *U. S. Fidelity & Guaranty Co.* v. *Toombs County,* 187 *Ga.* 544 (7, a), 554 (1 S. E. 2d, 411), and cit. It has been held that, in the absence of a fiduciary relation, even fraud will not prevent a suit from being barred, where the plaintiff has failed to exercise reasonable diligence to detect such fraud. *Kirkley* v. *Sharp,* 98 *Ga.* 484, 487 (25 S. E. 562); *Frost* v. *Arnaud,* 144 *Ga.* 26 (2), 29 (85 S. E. 1028), and cit.; *Morris* v. *Johnstone,* 172 *Ga.* 598 (5), 606 (158 S. E. 308); *Edmonds* v. *Goodwyn,* 28 *Ga.* 38, 41.

3. Although it is the statutory rule that "there may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession, in any of which events the cotenant may sue at law for his possession" (Code, § 85-1005), this rule has no application where the alleged cotenant in possession never expressly or impliedly recognized such a relation, but claimed title and held possession under a deed made to him as the sole grantee. See, as to actual ouster even by a cotenant, where the cotenant acts as the sole owner, *Bowman* v. *Owens,* 133 *Ga.* 49 (2), 52 (65 S. E. 156).

4. This suit was brought in 1941, by an heir at law of a grandfather, to cancel a deed on account of his alleged mental incapacity as grantor, and alleged concealment by the grantee of its execution. The deed, reciting a valuable consideration but alleged to be voluntary, was executed in 1927 by the grandfather to the father of the defendant, the grantee being the other heir at law, who recorded the deed in 1927, and held under it after the death of the grantor in 1927 until his own death in 1941, after which the land was held by the defendant as heir at law of her father. Applying the fore-

going rules of law to the alleged facts of this case, even assuming that the statement in *Lawson* v. *Prosser,* 146 *Ga.* 421 (2) (91 S. E. 469), which involved a contest between the grantees in two voluntary deeds, that "the doctrine of constructive notice applies only to deeds made for a valuable consideration," must be taken as in all cases literally true, with the result that the record of a voluntary deed is altogether futile in so far as constructive notice is concerned (see also, in this connection, *Toole* v. *Toole,* 107 *Ga.* 472, 476, 33 S. E. 686; *Byrd* v. *Aspinwall,* 108 *Ga.* 1, 2, 33 S. E. 688; *Baxley* v. *Baxley,* 117 *Ga.* 60, 62, 43 S. E. 436; *Avera* v. *Southern Mortgage Co.,* 147 *Ga.* 24, 92 S. E. 533, and cit.; *Lane* v. *Newton,* 140 *Ga.* 415, 422, 78 S. E. 1082),—still, in the instant case, the court did not err in dismissing the action on the ground of demurrer that the suit was barred by the lapse of more than seven years from the execution of the deed, as well as by laches, where the averments of the petition showed that the grantee had remained in exclusive and peaceable possession for more than fourteen years after the execution of the deed and the death of the grantor; that during this entire period the plaintiff, as alleged joint heir at law of the grantor with the grantee, made no claim for any portion of the rents, issues, or profits from the lands or any accounting therefor; and where the petition contains no allegation as to any fraudulent words, scheme, or device perpetrated by the grantee, so as to mislead or deceive the plaintiff as to the status of the grantee's possession, but where it appears that during this period the grantee's possession was held under the deed, and it does not appear that he in any way held himself out as a cotenant with the plaintiff; and where it appears that of the two tracts conveyed the plaintiff was actually cognizant of her grandfather's ownership of a 157-acre tract at the time of his death, and, although she alleges that she was unaware of his ownership of a half interest in the other 55-acre tract included in the grandfather's deed, she does allege that the deed of this tract to him was of record; and where nothing is made to appear that the deed by the grandfather had been concealed, but on the contrary it was promptly recorded; and where the suit, instituted more than fourteen years after the execution of the deed and the death of the grantor, was not brought until after the death of the grantee, who died four months before the suit. This is true even though the petition alleges that plain-

tiff was ignorant of the execution of the deed until about three years before the bringing of the suit; and that the rents and profits of the land were "small," because it contained only about six acres of open land and one small house, and the rent was only "about sufficient" to pay the taxes and upkeep. The petition thus shows on its face that the suit was barred both by laches and by the recognized rule of limitation, and shows no facts as to any such fraudulent act or conduct by the grantee as would prevent the suit from being barred. *Judgment affirmed. All the Justices concur.*