## 21060. PADEN v. MATTHEWS *et al.*

SUBMITTED OCTOBER 11, 1960—DECIDED NOVEMBER 10, 1960.

*William A. Thomas*, for plaintiff in error.

*Johnson, Hatcher, Meyerson & Irvin, Henry M. Hatcher, Ross Arnold*, contra.

ALMAND, Justice. The order under review is one sustaining the general demurrers to an equitable petition praying for a cancellation of a loan deed, an accounting, and other relief.

The amended petition stated the case as follows: In October, 1945, the plaintiff executed to First Federal Savings & Loan Association a warranty deed, to secure an indebtedness of $2,438, to a certain described tract of land. This deed contained a power of sale in the event of a default in the payment of the debt secured by the deed. On July 6, 1948, the association foreclosed the loan by selling the property under the power of sale, and bought the property for $1,500. On July 21, 1948, the association filed a warrant to dispossess the plaintiff from the premises described in the loan deed.

The plaintiff sought to enjoin the proceedings, but an interlocutory injunction was denied. Subsequently (the exact date

not being stated), the association deeded the property to the other two named defendants. It was alleged that, prior to the foreclosure of the loan deed, the plaintiff had made a tender of payment of the entire loan, but tender was refused. There were general allegations that the association and one of the defendants had entered into a conspiracy to foreclose the loan deed fraudulently.

The prayers were for: (a) an accounting, (b) cancellation of the note and security deed, (c) a money judgment and attorney's fees, and (d) a writ of possession.

One of the grounds of each of the defendants' general demurrers was that the petition shows that the alleged cause of action was barred by the statute of limitations, in that more than seven years had elapsed between the date the property was sold under the power of sale (July 6, 1948) and the date the suit was filed (August 22, 1958). This ground is well taken.

"By analogy to the rule that an action to recover land can be defeated by a prescriptive title acquired by seven-years possession under color of title, the period of limitation applicable to an equitable suit for cancellation of a deed is seven years from the date of its execution." *Stephens v. Walker,* 193 Ga. 330, 331 (18 S. E. 2d 537), and citations. For aught that appears in the petition, the facts surrounding the sale of the property in 1948 were fully known to the plaintiff, and no reason, legal or equitable, is shown why he delayed ten years in instituting the present action.

The court properly sustained the general demurrers of the defendants and dismissed the amended petition.

*Judgment affirmed. All the Justices concur.*