24150. PAYTON, Administrator v. DAUGHTRY et al.

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967.

L. H. Hilton, for appellant.
W. C. Hawkins, Harry H. Hunter, for appellees.

GRICE, Justice. This appeal is from the sustaining of a general demurrer to an equitable petition praying for cancellation of two deeds. Arthur Daughtry filed the petition against Louise Daughtry and others in the Superior Court of Screven County.

Basically, the allegations are these: On May 1, 1939, W. W. Wyant executed to the plaintiff and Heyward Daughtry, as tenants in common, a deed to a described tract of land in that county. On May 12, 1949, the plaintiff attempted to convey to Heyward Daughtry the "western half" of such property, and on the same date Heyward Daughtry sought to convey to the plaintiff the "eastern half" of the same property. The descrip-

tion in each of the two deeds last mentioned is so indefinite, vague and uncertain as not to convey any title whatsoever, and is null, void and of no force and effect. Each of such deeds constitutes a cloud on the plaintiff's title to his one-half undivided interest in the property described in the deed from W. W. Wyant. Heyward Daughtry died intestate on or about January 1, 1966. There is no administration upon his estate and the defendants, his heirs at law, are sui juris.

The petition was filed on December 13, 1966.

The defendants interposed a general demurrer upon several grounds, including: (1) that the petition "fails to set out a cause of action"; and (2) that it "shows on its face that said cause of action, if any ever existed, is barred by laches of the petitioner and no facts are set out in said petition showing or excusing or justifying the long delay in failing to assert his cause of action."

In our view, the sustaining of this general demurrer was proper. We reach this conclusion without deciding the issue as to sufficiency of the descriptions in the deeds in question.

1. This court has repeatedly held that "By analogy to the rule that an action to recover land can be defeated by a prescriptive title acquired by seven-years possession under color of title, the period of limitation applicable to an equitable suit for cancellation of a deed is seven years from the date of its execution." *Stephens v. Walker,* 193 Ga. 330, 331 (18 SE2d 537). See also, *Paden v. Matthews,* 216 Ga. 458, 459 (117 SE2d 346).

Here it appears upon the face of the petition that more than seven years elapsed between the date the deeds sought to be canceled were executed upon May 12, 1949, and the date the suit was filed on December 13, 1966, approximately seventeen and a half years later.

However, under these allegations the first ground of general demurrer here, to the effect that the petition fails to set forth a cause of action, is not sufficient to take advantage of this period of limitation. The demurrer must expressly invoke it. *Consolidated Distributors, Inc. v. City of Atlanta,* 193 Ga. 853 (1), 855 (20 SE2d 421).

2. Yet, this limitation does apply here as constituting laches attributable to the plaintiff. Equity follows the law. *Code* § 37-103. No fact which would toll such limitation and no excuse justifying the long delay is alleged. Furthermore, the petition fails to allege whether the plaintiff or Heyward Daughtry, or anyone else, was in possession of either of the two parcels of land involved here. Hence, since the petition is attacked by general demurrer, it must be construed most strongly against the plaintiff, and when so construed, it must be assumed that he was never in possession. Cf. *Hadaway v. Hadaway,* 192 Ga. 265, 271 (14 SE2d 874). Under these circumstances, "in an equitable suit for cancellation of a cloud on title, the prescriptive seven year period will be applied as a limitation." *Latham v. Fowler,* 192 Ga. 686 (16 SE2d 591), and citations. See also, *Stephens v. Walker,* 193 Ga. 330, 331, supra.

For these reasons the petition failed to state a cause of action and was properly dismissed upon general demurrer.

*Judgment affirmed. All the Justices concur.*