**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 14, 2012

# In the Court of Appeals of Georgia

A12A0074. EVANS et al. v. DUNKLEY et al.

ANDREWS, Judge.

This appeal involves a dispute between family members over family-owned farm land located in Brooks County. Clara Evans, Loretta Phelps, and Rosa Diann Ojikutu (three of the six surviving children of Charles and Fannie Phelps, both deceased) filed an action in the Brooks County Superior Court in April 2008 asserting an interest in the subject land acquired under the will of Charles Phelps and from the estate of Fannie Phelps. Named as defendants in the action were other family members with interests in the land: Cora Dunkley, Marilyn Williams, and Fanniella Lewis (the three remaining children of Charles and Fannie Phelps); Josiah Phelps (the brother of Charles Phelps and former executor of his will); Robert Simmons, Jr; Nathaniel H. Abrams, Jr. and Albert J. Abrams. In addition to seeking partition of the

land along with an accounting and division of funds generated from management of the land, the action sought cancellation of allegedly fraudulent deeds – three executor's deeds and a deed from Charles Phelps to Robert Simmons, Jr.

This appeal by the Plaintiffs in the action is from the grant of the Defendants' motion for partial summary judgment, and from the denial of the Plaintiffs' motion for summary judgment. In granting the Defendants' motion and denying the Plaintiffs' motion, the trial court ruled that, with the exception of the Plaintiffs' claim for partition on which genuine issues of fact remain, the Plaintiffs' claims were barred by res judicata or by the statute of limitation for fraud. For the following reasons, we affirm in part and reverse in part.

The record contains deeds and other allegations purporting to establish that the farm land at issue, comprised of 131 acres more or less, had been owned since the 1950s by Charles W. Phelps, who died in January 1997, and his wife, Fannie W. Phelps, who died in November 1994. At the time of their deaths, Charles and Fannie Phelps were survived by six daughters: Clara Evans, Cora Dunkley, Loretta Phelps, Rosa Ojikutu, Marilyn Williams, and Fanniella Lewis. In January 1993, Charles Phelps deeded a 26-acre tract and a 17-acre tract to his six daughters. In March 1994, Charles Phelps deeded Fannie Phelps a 50% undivided interest in a tract of land

containing about 131 acres. Fannie Phelps subsequently died intestate survived by her husband and six daughters, and her estate was never administered. Under the law of descent in effect at the time of Fannie Phelps's death, she left various undivided interests in the 131 acres to her surviving husband and six daughters. Charles Phelps subsequently died testate owning an interest in the subject land that he acquired by deed or otherwise,[1] plus the interest left to him by his wife's estate. Charles Phelps's will was probated in solemn form in the Brooks County Probate Court, and letters testamentary were issued to his brother, Josiah Phelps, as executor. The will contained three provisions relating to real property: (1) a provision stating that Charles Phelps's sisters, Cora Wooten and Lena Abrams, and his brother, Josiah Phelps, each be given a ten-acre tract from the larger tract of land deeded to Charles Phelps in 1950 (recorded in Deed Book 68, page 483 of the Clerk of the Brooks County Superior Court) with the location of all three tracts to be determined by the executor; (2) a provision stating that the estate's real property interests be given in equal parts to Charles Phelps's six daughters and his grandson, Robert Simmons, Jr.; and (3) a provision stating that Robert Simmons Jr. shall remain in a house located

---

[1] The record contains allegations that Charles Phelps died with an interest in real property at issue that he inherited from the estate of Levi Hall.

on the estate's property "as long as he so desires, rent free." In October 1997, acting as executor pursuant to the will, Josiah Phelps identified and deeded three separate ten-acre tracts – ten acres to Cora Wooten, ten acres to Lena Abrams, and ten acres to Josiah Phelps. As a result of these three deeds of ten acres each, other land at issue was allegedly left "landlocked" without means of ingress or egress. In August 1998, acting as executor pursuant to the will, Josiah Phelps deeded a five-eights (62.5%) undivided interest in real property to Charles Phelps's six daughters and to Robert Simmons. The real property described in this deed was the same 131 acres previously described in the March 1994 deed from Charles Phelps to Fannie Phelps, "[l]ess and except the devise to Josiah Phelps, Cora Wooten and Lena P. Abram of ten acres each" as provided in the will. In August 1998, again acting as executor of the will, Josiah Phelps deeded Robert Simmons Jr. an interest in the house located on the subject land pursuant to the terms of the will. Three of the daughters (Dunkley, Williams and Lewis) deeded or otherwise relinquished their interest in the three ten-acre tracts and claim no interest in those tracts. As to the ten-acre tract conveyed to Cora Wooten, she conveyed her interest in this tract to her sister, Lena Abrams, who subsequently died testate holding an interest in two of the ten-acre tracts. Acting as executor of Lena Abrams's estate, Nathaniel Abrams conveyed these two ten-acre

4

tracts to Albert J. Abrams as trustee of a trust created in Lena Abrams's will for the benefit of several beneficiaries. In March 1999, the Brooks County Probate Court granted Josiah Phelps's petition for dismissal and discharge as executor of the estate of Charles Phelps.

The same Plaintiffs (Cora Evans, Loretta Phelps, and Rosa Diann Ojikutu) who filed the present Brooks County Superior Court action in April 2008, filed an action in November 2004 in the Peach County Superior Court against Josiah Phelps, individually and as executor of the estate of Charles Phelps. In the Peach County action, the Plaintiffs alleged that Josiah Phelps had been discharged in 1999 as executor of the estate of Charles Phelps, and sought an accounting: (1) for money he received and expended as executor of the estate of Charles Phelps with respect to the estate's real and personal property, and (2) for money he subsequently received and expended as an individual (after being discharged as executor) with respect to real and personal property he managed in which the Plaintiffs held an interest. In November 2006, the Peach County Superior Court granted partial summary judgment in favor of the defense ruling that the Plaintiffs' claims for an accounting for Josiah Phelps's actions as executor of the estate were barred by his discharge as executor on March 2, 1999. As to the claim for an accounting for his actions taken as an

5

individual who managed the property after his discharge, the trial court conducted a bench trial and entered a judgment in September 2007 concluding that, after being discharged as executor, Josiah Phelps contacted the Plaintiffs and all interested heirs about management of the property; that he continued to manage the property at issue on behalf of the Plaintiffs and other interested heirs; that he leased the real property; that he made required mortgage payments on the property sometimes using his own money when funds generated by the property were insufficient; and that he ultimately paid off the mortgage in 2006 using settlement proceeds obtained in a class-action discrimination claim filed on behalf of black farmers. The judgment entered in Josiah Phelps's favor found that he had adequately accounted to the Plaintiffs and other interested heirs for income and expenditures during his management of the jointly held property, and that he had demonstrated "an admirable stewardship of this property."

1. The Plaintiffs claim that the trial court erred by granting the Defendants' motion for summary judgment and by denying their motion for summary judgment on the basis that the statute of limitation for fraud had expired.

The trial court erred by applying the four-year statute of limitation for fraud in this case. See OCGA §§ 9-3-30; 9-3-31; *Serchion v. Capstone Partners, Inc.*, 298 Ga.

6

App. 73, 74-76 (679 SE2d 40) (2009). The Plaintiffs' complaint requested that the court exercise its equitable power to cancel allegedly fraudulent deeds. The period of limitation for this equitable claim was seven years from the date the deeds sought to be cancelled were executed. Id.; *Payton v. Daughtry*, 223 Ga. 438, 439 (156 SE2d 29) (1967). The present suit was filed in April 2008 seeking cancellation of deeds executed more than seven years earlier – three deeds executed by Josiah Phelps as executor in 1997 and one deed executed by Charles Phelps prior to his death in 1997. At least as to the three deeds conveyed by the executor, the Plaintiffs claim that fraud by the executor, who owed them a fiduciary obligation, deterred or prevented them from timely filing suit. The rule in considering these claims is that the seven-year period does not commence until the fraud is or should have been discovered in the exercise of due diligence, absent a confidential or fiduciary relationship which justified reliance. *Stephens v. Walker*, 193 Ga. 330, 331-332 (18 SE2d 537) (1942); *Jones v. Spindel*, 239 Ga. 68, 69 (235 SE2d 486) (1977). Although the trial court ruled that there was no evidence fraud prevented the Plaintiffs from timely filing their claim within the four-year statute of limitation for fraud, the court did not consider whether fraud prevented the Plaintiffs from timely filing within the applicable seven-year period. Accordingly, we reverse the trial court's grant of summary judgment to

7

the Defendants and denial of summary judgment to the Plaintiffs on the issue of the limitation period applicable to the claims for cancellation of fraudulent deeds.

2. The Plaintiffs claim that the trial court erred by granting the Defendants' motion and denying their motion on the issue of the application of the doctrine of res judicata.

The doctrine of res judicata provides that the judgment of a court of competent jurisdiction is conclusive between the same parties and their privies "as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered. . . ." OCGA § 9-12-40. "The purpose of the doctrine is to prevent the re-litigation of claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Crowe v. Elder*, 290 Ga. 686, 688 (723 SE2d 428) (2012). Thus, res judicata bars re-litigation of matters in a subsequent action that were or could have been litigated in a prior action where, between the two actions, there is identity of the parties or their privies; identity of the cause of action; and an adjudication on the merits by a court of competent jurisdiction in the prior action. *Labovitz v. Hopkinson*, 271 Ga. 330, 332 (519 SE2d 672) (1999). As to identity of the parties, res judicata "does not require that all parties on the respective sides of

8

litigation in both cases be identical, but only those by and against whom the defense of res judicata is invoked." *Waggaman v. Franklin Life Ins. Co.*, 265 Ga. 565, 566 (458 SE2d 826) (1995) (punctuation and citation omitted). The causes of action, however, must be identical, and "[t]he fact that the subject matter of different lawsuits may be linked factually does not mean that they are the same 'cause' within the meaning of OCGA § 9-12-40." *Morrison v. Morrison*, 284 Ga. 112, 115 (663 SE2d 714) (2008) (punctuation and citation omitted).

The Plaintiffs' present complaint asserted claims for cancellation of three deeds fraudulently conveyed by Josiah Phelps while acting as executor of the estate of Charles Phelps, and one deed conveyed by Charles Phelps. Although the Plaintiffs' prior Peach County Superior Court action against Josiah Phelps for an accounting of funds received and expended while managing the property at issue is factually linked to the present action for cancellation of deeds, these are different causes of action within the meaning of the res judicata doctrine set forth in OCGA § 9-12-40. As to the claims for cancellation of deeds, the trial court erred by granting the Defendants' motion for summary judgment and denying the Plaintiffs' motion for summary judgment on the issue of res judicata.

9

The Plaintiffs' present complaint also asserted a claim for an accounting against the Defendants for actions taken while managing property in which the Plaintiffs hold an interest. In their motion for summary judgment, the Plaintiffs concede that, "the question of an accounting was previously litigated in the Superior Court of Peach County," which rendered its judgment in that case in September 2007.[2] Accordingly, we find that, as to any claim for an accounting prior to the date of the Peach County Superior Court judgment, the trial court correctly granted the Defendants' motion for summary judgment and denied the Plaintiffs' motion for summary judgement on the issue of res judicata. But to the extent the Plaintiffs' present action seeks an accounting with respect to management of the property after the judgment in the Peach County Superior Court, we conclude that this claim presents a new and different cause of action for a subsequent accounting and res judicata does not apply. See *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 427 (383 SE2d 123) (1989). As to the claim for an accounting after the judgment in the Peach County Superior Court, the trial court erred by granting the Defendants' motion

---

[2] On appeal, the Plaintiffs argue only that res judicata did not bar their claims based on fraud.

for summary judgment and denying the Plaintiffs' motion for summary judgment on the issue of res judicata.

3. The Plaintiffs contend that the trial court erred by denying their motion for summary judgment to the extent it sought a ruling that the Defendants had no legal basis to assert the defense of adverse possession as to the three separate ten-acre tracts which Plaintiffs claim were fraudulently deeded by the executor of the estate of Charles Phelps. The trial court's summary judgment orders show that the court found it unnecessary to reach this issue because of its rulings barring Plaintiffs' claims on the basis of the statute of limitation for fraud and the doctrine of res judicata. An issue not ruled on by the trial court presents no issue on appeal. *Kirkland v. Earth Fare, Inc.*, 289 Ga. App. 819, 820-821 (658 SE2d 433) (2008).

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Boggs, J., concur.*

11