# Court of Appeals
# of the State of Georgia

ATLANTA,  July 08, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2251. ETHEL PHELPS, AS EXECUTRIX OF THE ESTATE OF JOSIAH PHELPS v. CLARA EVANS et al.**

The trial court entered an order resolving a dispute over real property between two groups of family members. The dispute began when one group of the family members filed a complaint seeking to cancel allegedly fraudulent deeds and to partition the property, and requesting an accounting and division of funds generated from management of the property. The parties filed cross-motions for summary judgment, and the superior court granted the defendants' motion and denied the plaintiffs' motion, ruling that, with the exception of the partition claim, plaintiffs' claims were barred by res judicata or by the statute of limitation. On appeal, this Court reversed the trial court's ruling in part. See *Evans v. Dunkley*, 316 Ga. App. 204 (728 SE2d 832) (2012). In doing so, we directed the trial court to consider whether fraud prevented the plaintiffs from timely filing within the applicable seven-year limitation period. Upon the return of the case to the trial court, the court concluded that fraud did in fact prevent the plaintiffs from filing the action timely. The court also made findings with regard to which family members had an ownership interest in certain tracts of the property and ordered a sale of the property for an equitable partitioning. The order provides that the court will appoint a special master to conduct the sale and that the parties have 30 days to suggest to the court who should be appointed. The court reserved the "issues of accounting . . . for a later date." Defendant Ethel Phelps, as Executrix of the Estate of Josiah Phelps, filed a timely direct appeal from the trial court's order. However, we lack jurisdiction.

Generally, an order is final and appealable when it leaves no issues remaining

to be resolved, constitutes the trial court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court. *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Here, the trial court's ruling is not final and the issues regarding an accounting and the appointment of a special master remain pending below. Phelps was therefore required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the court's ruling. See OCGA § 5-6-34 (b); *Sotter v. Stephens*, 291 Ga. 79, 82 (727 SE2d 484) (2012) ("The fact that a final accounting of the estate was pending was sufficient alone to render that order interlocutory"). Absent a timely certificate of immediate review, the party seeking to appeal must wait until the final judgment to do so. See OCGA § 5-6-34 (b); *Turner v. Harper*, 231 Ga. 175, 176 (200 SE2d 748) (1973). Phelps's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 07/08/2019*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

        *Stephen E. Castlen*  *, Clerk.*