## PARKER *et al. v.* FISHER *et al.*
## FISHER *v.* PARKER *et al.*

Nos. 17063, 17064.   MAY 9, 1950.   REHEARING DENIED JUNE 16, 1950.

4

*Boykin & Boykin,* for plaintiffs.

*O. W. Roberts Jr.,* and *Robert D. Tisinger,* for defendants.

WYATT, Justice. "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscionable advantage to the other, may be relieved in equity." Code, § 37-204. "A mistake of law by the draftsman or other agent, by which the contract, as executed, does not fulfill or violates the manifest intention of the parties to the agreement, may be relieved in equity." § 37-205. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." § 37-212. "A court of equity will reform a contract of sale when, from mutual mistake or mistake common to both parties, an instrument does not express the true agreement of the parties." *W. P. Brown &c. Lumber Co.* v. *Echols,* 200 *Ga.* 284, 286 (36 S. E. 2d, 762). "In the case at bar the defendant will not be prejudiced by the reformation of this instrument, so as to make it speak the true contract between him and the plaintiff. If he gets what he bought, then he can not be hurt by reforming the instrument, so as to keep him from getting what he did not buy." *Hill* v. *Agnew,* 199 *Ga.* 644, 646 (34 S. E. 2d, 702).

It is contended by the plaintiff in error that—under the principles of law above stated, as well as a long line of decisions of this court to the same effect, cited in counsel's brief—the trial court erred in sustaining the demurrer raising the question of laches. In applying the facts of the instant case to the question here under consideration, other provisions of the law must be considered. "Mistake relievable in equity is some unintentional act, or omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power shall be exercised with caution, and to justify it the evidence shall be clear, unequivocal, and decisive as to the mistake." Code,

§ 37-202. "In determining whether there has been laches, there are various things to be considered, notably the duration of the delay in asserting the claim, and the sufficiency of the excuse offered in extenuation of the delay, whether plaintiff acquiesced in the assertion or operation of the corresponding adverse claim, the character of the evidence by which plaintiff's right is sought to be established, whether during the delay the evidence of the matters in dispute has been lost or become obscured or the conditions have so changed as to render the enforcement of the right inequitable, whether third persons have acquired intervening rights." *Cooper* v. *Aycock*, 199 *Ga.* 658, 666 (34 S. E. 2d, 895). "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code, § 37-119.

It was incumbent upon the plaintiffs in error in this case, construing the pleadings most strongly against them, to show that their cause of action was not barred by laches. See *Johnson* v. *Sears*, 199 *Ga.* 432 (34 S. E. 2d, 541). The plaintiffs in error, as shown by their pleadings, knew of the alleged error in the lease contract for more than three years before this proceeding was instituted. They could have then called upon a court of equity to reform the instrument, but they did not do so. The lease contract under consideration was negotiable, and appears to have been transferred at least twice. The scrivener and attorney who drew the lease contract and advised the parties was named in the pleadings, but it does not appear whether he is living or dead, or whether he is available as a witness. This court, in *Aken* v. *Bullard*, 134 *Ga.* 665, 667 (68 S. E. 482), said: "Equity will relieve against mutual mistake, but only at the instance of a complainant who moves with reasonable diligence. What is a reasonable time must necessarily depend upon the peculiar facts and environments of the particular case. The deed asked to be reformed was executed twenty-three years before the institution of the suit to reform it. The petition does not disclose the name of the scrivener, nor is it negatived therein that the plaintiff knew of the precise terms of the deed from the date of its execution. He alleges that Bullard knew of the mistake at the time he took his second conveyance from Mrs. Pendergrass in 1899. This deed was spread upon the public

records a day or two after its execution and yet the plaintiff waited more than nine years before he aroused himself from lethargy. No excuse is given for the plaintiff's long delay. The witnesses to the partition agreement may be dead; the scrivener may have passed away, for aught that appears in the deed. The memory of the parties may be dimmed after the lapse of a quarter of a century. It is incumbent on the plaintiff, in order to repel the presumption of unreasonable delay, to allege in his petition the impediments to an earlier prosecution of his claim. 12 Enc. Pl. & Pr. 834. This was not done. The laches of the plaintiff is so palpable from the petition that its dismissal on demurrer was proper. *Gould* v. *Glass*, 120 *Ga.* 51 (47 S. E. 505); *McWhorter* v. *Cheney*, 121 *Ga.* 541 (49 S. E. 603); *Basch* v. *Frankenstein*, ante, 518 (68 S. E. 75)." The language there used is applicable to the facts in the instant case.

It follows from what has been said above that there was no error in sustaining the demurrer raising the question of laches. The language of the lease simply gives to the lessee the right to renew the lease as it exists for an additional period of five years. This being true, it was not error to exclude the evidence with reference to the alleged mutual mistake, and to direct a verdict in favor of the counter-affidavit.

Since the judgment of the trial court is being affirmed, no ruling will be made on the questions presented by the cross-bill.

*Judgment affirmed on the main bill. Cross-bill dismissed. All the Justices concur.*