A96A0846. FORD v. ATKINSON DREDGING COMPANY.
(474 SE2d 652)

Judge Harold R. Banke.

On May 5, 1995, Tina Marie Ford filed this action against Atkinson Dredging Company ("Atkinson") claiming she sustained personal injuries after the pleasure boat on which she rode collided with Atkinson's barge, moored in a cut on the Middle Savannah River. The incident occurred on August 10, 1987, while Ford was a minor. Ford appeals the trial court's order granting Atkinson's motion for judgment on the pleadings on statute of limitation grounds. *Held*:

We reject Ford's argument that during her minority Georgia law tolled the three-year statute of limitation established under federal admiralty law for suits arising out of maritime torts. 46 USC App. § 763a. In concluding that Georgia law does not apply, we rely in part on cases interpreting the substantially identical statute of limitation under the Federal Employers' Liability Act ("FELA"), 45 USC § 56. *Garrett v. Moore-McCormack Co.*, 317 U. S. 239, 244 (63 SC 246, 87 LE 239) (1942) (noting uniform interpretation of FELA and Jones Act, to which § 763a applies); see *Maxwell v. Swain*, 833 F2d 1177, 1178 (5th Cir. 1987) (construing § 763a and the FELA statute of limitation in pari materia).

The Georgia tolling statute is not applicable here because it is undisputed that the claim arises under federal maritime law. *Burnett v. New York Central R. Co.*, 380 U. S. 424 (85 SC 1050, 13 LE2d 941) (1965) (FELA case declining to apply state tolling statute); *Brooks v. Southern Pacific Co.*, 466 P2d 736, 737-738 (Ariz. 1970) (FELA case). The legislative history of § 763a demonstrates that Congress sought to eliminate " 'forum shopping and the presentation of stale claims which can result when claimants seek to bring their suit in the jurisdiction having the most advantageous procedural rules.' " (Citation omitted.) *Butler v. American Trawler Co.*, 887 F2d 20, 22 (1st Cir. 1989). Applying the Georgia tolling statute would undermine these concerns for fairness and uniformity. Id. Other courts have likewise declined to apply state tolling statutes under similar circumstances.

*Brooks*, 466 P2d at 738; *Chesapeake & Ohio R. Co. v. Miles*, 249 SW2d 160, 161 (Ky. Ct. App. 1952) (FELA case); see *Logwood v. Apollo Marine Specialists*, 772 FSupp. 925, 927 (2) (E.D. La. 1991). We believe that Congress would have contemplated the application of state law tolling provisions to § 763a, had it intended such.

The absence of such a provision distinguishes *Yamaha Motor Corp. v. Calhoun*, 516 U. S. ___ (116 SC 619, 133 LE2d 578, 592) (1996), which does not require the application of Georgia's tolling statute, notwithstanding Ford's argument to the contrary. *Calhoun* turned on the fact that Congress specifically provided that state law wrongful death remedies for nonseafarers' deaths within territorial waters would not be displaced by the Death on the High Seas Act, 46 USC App. § 767. *Calhoun*, 516 U. S. at ___ (133 LE2d at 592).

Ford limited her argument to the application of Georgia's tolling statute and failed to raise the issue of whether her action could remain viable under any other theory. See *Burnett*, 380 U. S. at 427 (tolling appropriate to further humane and remedial purpose of FELA); *Brooks*, 466 P2d at 738 (4) (limitations period may be equitably tolled for mentally incompetent person); see *Logwood*, 772 FSupp. at 927 (equitable tolling applies principally when defendant's deception prevents plaintiff from asserting rights). Therefore, we are constrained to affirm.[1]

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 7, 1996 —<br>RECONSIDERATION DENIED AUGUST 23, 1996.

*Portman & Felser, Barnard M. Portman, Rebecca C. Benton*, for appellant.

*Hunter, MacLean, Exley & Dunn, Robert S. Glenn, Jr., George M. Earle, Robert E. Spears, Jr.*, for appellee.

---

[1] The trial court based its disposition on the fact that the § 763a limitation period was "substantive." In the instant case, the distinction between the substantive and procedural matters is misplaced because a maritime tort is " 'a type of action which the Constitution has placed under national power to control in "its substantive as well as its procedural features." ' " (Emphasis omitted.) *Butler*, 887 F2d at 21 (quoting *Pope & Talbot, Inc. v. Hawn*, 346 U. S. 406, 409 (74 SC 202, 98 LE 143) (1953). However, a judgment right for any reason will be affirmed. *Mail & Media v. Rotenberry*, 213 Ga. App. 826, 832 (446 SE2d 517) (1994).