S02A0392. HALL et al. v. LOFTON et al.

(563 SE2d 128)

THOMPSON, Justice.

Willie Hall owned a 515-acre farm in Baker County, Georgia. On March 20, 1951, he executed a deed conveying the farm to three of his seven children, and reserving a life estate for himself. The deed was executed with all requisite formalities and was duly recorded on the same day. Willie Hall died in 1964 and left a will devising all of his property to his seven children in equal shares, "including any real estate that I might own." The present complaint was brought in 2000 by the heirs of the children who were excluded by the 1951 deed, seeking to have the deed set aside and for a declaration that the farm passed to the seven children through Willie Hall's will. Defendants maintained that the farm had been conveyed as an inter vivos gift to only three of the children, with the result that the property was not included in Willie Hall's estate at his death.

The case was tried before a jury, and at the conclusion of plain-

---

tiffs' evidence, the trial court directed a verdict in favor of defendants on grounds that the statute of limitation barred the claim and, alternatively, that plaintiffs failed to present a prima facie case in challenging the validity of the deed. Finding no error, we affirm.

1. Plaintiffs acknowledge that the limitations period for an action seeking to set aside a deed is seven years, and that period would have elapsed in 1958; however, they assert that the period of limitations was tolled until 1996 when they learned of the existence of the 1951 conveyance.

The evidence established that from 1951 until Willie Hall's death in 1964, he occupied and farmed the land consistent with his life estate in the property. During that period, small tracts of the farm were sold to third persons, and those deeds were executed by Willie Hall as well as by the remaindermen under the 1951 deed. At no time between 1964 and the seven years that followed did any of the four brothers and sisters excluded in the 1951 deed enter into possession of the farm. Instead, it remained in possession of the three grantees who farmed the property with no accounting to the other siblings.

The present action was not commenced until 49 years after execution and recordation of the deed, and 36 years after the death of the grantor. The trial court correctly found that the seven-year period of limitations was not tolled for any of the reasons advanced by plaintiffs. See *O'Quinn v. O'Quinn*, 237 Ga. 653 (229 SE2d 428) (1976); *Stephens v. Walker*, 193 Ga. 330 (1) (18 SE2d 537) (1942).

2. Appellants assert that factual questions were raised as to whether there was delivery and acceptance of the 1951 deed. See OCGA § 44-5-80.

"The record of a properly attested deed purporting on its face to have been delivered is prima facie or presumptive evidence of delivery which, of course, is rebuttable." *Domestic Loans of Washington v. Wilder*, 113 Ga. App. 803, 805 (1) (149 SE2d 717) (1966). See also *Dawson v. Keitt*, 232 Ga. 10, 12 (205 SE2d 309) (1974) (recordation of the deed constitutes constructive notice of the grantor's intention to give the deed legal effect, and is prima facie evidence of delivery).

Plaintiffs have not offered any competent evidence to rebut the presumption of delivery. To the contrary, it was established that Willie Hall and the three grantees made several conveyances of small parcels of the property to others in the years following 1951. In addition, the surviving wife of one of three grantees testified that her husband was aware of the 1951 transfer, thus affirming his acceptance. As all the evidence and reasonable deductions therefrom demanded a verdict in favor of defendants, the trial court correctly directed a verdict in their favor on this ground. See OCGA § 9-11-50 (a); *Carden v. Burckhalter*, 214 Ga. App. 487 (1) (b) (448 SE2d 251) (1994).

3. The trial court did not err in refusing to grant plaintiffs' motion for a directed verdict made at the close of their evidence, because the motion was untimely. OCGA § 9-11-50 (a) (motion may be made at close of opponent's evidence or at the conclusion of the case); *Colonial Film &c. Co. v. MacMillan Professional Magazines*, 148 Ga. App. 632 (1) (252 SE2d 61) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2002.

*Frank C. Vann, Robert K. Meyer,* for appellants.
*Kirbo & Kendrick, David A. Kendrick*, for appellees.