S11A1451. HAFFNER v. DAVIS et al.

(725 SE2d 286)

HUNSTEIN, Chief Justice.

Micah L. Haffner filed this action to quiet title to a parcel of land in Haralson County that he claims to have purchased from his mother's estate. The trial court granted summary judgment to James and Regina Davis and Community and Southern Bank and denied Haffner's motion for summary judgment. Because Haffner has been in possession of the property known as 116 Golden Lane Road for less than 20 years and failed to exercise reasonable diligence, we affirm.

Haffner's parents, Eric J. Haffner and Cheryl A. Haffner, purchased two tracts of land on Golden Lane Road in 1979. They built a house known as 128 Golden Lane Road, where they lived, and later built a smaller, one-story house known as 116 Golden Lane Road, where a relative resided. Haffner testified at his deposition that his parents and siblings understood that 128 Golden Lane Road was located on Tract 1 and 116 Golden Lane Road was located on Tract 2. In fact, both were built on Tract 1.

In 1994, Haffner's parents divorced in Carroll County. Their settlement agreement, which was incorporated in the divorce decree,

---

required the husband to quitclaim his interest in the property known as 116 Golden Lane Road to the wife and required the wife to quitclaim her interest in the property known as 128 Golden Lane Road to the husband. The decree did not contain a legal description of the properties. The couple exchanged quitclaim deeds. In the deed received by the wife, the metes-and-bounds description conveyed only Tract 2 and did not include the residence at 116 Golden Lane Road. The deed the husband received stated that it was "being made as provided by" the parties' divorce decree, but the metes-and-bounds description included both 128 Golden Lane Road and 116 Golden Lane Road.

In 1997, Haffner purchased his mother's property from her estate. He contends that the estate administrator sold him what they thought was 116 Golden Lane Road. However, the deed Haffner received did not mention 116 Golden Lane Road or make reference to the divorce decree. Instead, the deed refers to a survey dated March 24, 1997, that shows the one-story house is located on Tract 1, north of the property conveyed to him.

In 2004, the bank's predecessor-in-interest foreclosed on Eric Haffner's property and sold it to James and Regina Davis. The deed conveyed Tract 1 and contains a metes-and-bounds description that places both 116 and 128 Golden Lane Road within the boundaries of the property. In 2007, the Davises commissioned a survey that confirmed that both houses were located on their property and filed a dispossessory action involving the smaller house.

Later that year, Haffner filed this petition to quiet title to 116 Golden Lane Road. A special master determined that Haffner could not prevail on his adverse possession claim, but recommended denying summary judgment because the parties never intended to convey title to 116 Golden Lane Road to the Davises. Rejecting the special master's recommendation, the trial court granted summary judgment in favor of the Davises and the bank. Haffner appeals.

1. In reviewing a trial court's order granting summary judgment, this Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the party opposing summary judgment. *Kaplan v. City of Sandy Springs*, 286 Ga. 559, 560 (1) (690 SE2d 395) (2010). It is undisputed that Haffner's parents intended for his mother to receive title to 116 Golden Lane Road as part of their divorce and that Haffner thought he was buying the land on which the one-story house was located from his mother's estate, but that his deed and survey depicted 116 Golden Lane Road as outside the property he was purchasing.

Haffner first contends that he is entitled to 116 Golden Lane Road through adverse possession and the trial court erred in granting summary judgment without ruling on the claim. Constru-

ing the evidence in the light most favorable to Haffner, the undisputed facts show that he did not gain title to the house at 116 Golden Lane Road through adverse possession. He cannot establish title by prescription because he has not adversely possessed the property for the requisite 20 years. See OCGA §§ 44-5-161 to 44-5-163. The earliest date that he can claim adverse possession is in 1994, when his parents divorced and divided their property into two tracts. He cannot claim adverse possession under color of title, which reduces the required period of possession to seven years, because his deed does not provide written evidence of title. See *Luttrell v. Whitehead*, 121 Ga. 699, 701-702 (1) (49 SE 691) (1905) (deed's description introduced as color of title will not be extended beyond its terms based on the holder's belief that it covers land not described in the deed). Finally, this case does not involve a disputed boundary line, an issue that Haffner raises for the first time on appeal. See OCGA §§ 44-4-5 to 44-4-9. Haffner testified that his family never discussed the boundary between the two tracts of land and fails to state any genuine issue of material fact to support his contention that the parties had a "tacit boundary arrangement" between 116 and 128 Golden Lane Road. See *Cothran v. Burk*, 234 Ga. 460, 462 (216 SE2d 319) (1975) (to establish a line by acquiescence, the landowners must first dispute the location of the line).

2. Haffner next contends that his parents' divorce decree constituted a muniment of title and the trial court should have enforced the decree by specific performance. "A decree for specific performance shall operate as a deed to convey land or other property without any conveyance being executed by the vendor." OCGA § 9-11-70. Because it operates as a deed, a decree for specific performance must contain a description as definite as that required to support a deed. *Scheinfeld v. Murray*, 267 Ga. 622, 623 (1) (481 SE2d 194) (1997) (rejecting specific performance of sales contract for lack of sufficient description when preliminary designation of lots did not accurately reflect the actual site on which home was to be located).

In this case, the divorce settlement decree does not contain a specific description of the property to be conveyed. It refers to the property solely as 116 Golden Lane Road and fails to identify its actual size, shape, or location. Without clear identification of the land to be conveyed, Haffner is not entitled to a decree of specific performance. See *Bennett v. Young*, 270 Ga. 422, 423 (2) (510 SE2d 521) (1999) (declining to give effect to clause in will entitling wife to the "homeplace" after she failed to provide the keys to determine the boundaries of the property); *Glover v. Newsome*, 132 Ga. 797 (65 SE 64) (1909) (holding description referring to Lot Number 3 bounded by specific property owners without naming the town, county, or state where the land was located was too vague and indefinite to

convey land).

3. Finally, Haffner contends that the trial court erred in construing this quiet title action as an equitable action to reform a written instrument based on mutual mistake. The trial court concluded that the statute of limitations on Haffner's claim expired in 2004, more than three years before he filed this lawsuit, and that Haffner was not entitled to equitable relief because he failed to exercise due diligence. Haffner challenges the trial court's ruling as inapplicable to a claimant in possession of the property.

An action to reform a written document may be brought within seven years from the time the cause of action accrues. *Whittle v. Nottingham*, 164 Ga. 155, 161 (3) (138 SE 62) (1927). "As a general rule, the statute of limitation does not commence to run against an equitable action for reformation of a written instrument based on mutual mistake or fraud until the mistake or fraud has been, or by the exercise of reasonable diligence should have been, discovered." *Evans v. Lipscomb*, 266 Ga. 767, 770 (2) (470 SE2d 641) (1996). In *Evans*, we held that the seven-year limitation period was not tolled due to mistake or fraud when the tenant-in-common failed to conduct a survey of the property at the time it was partitioned and a visual inspection should have made him aware that the tract he received did not consist of the purported 50 acres. Id. See also *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450) (1981) (denying reformation when plaintiff did not read the deed, have it read to him, or have the property surveyed).

In this case, Haffner seeks to reform the warranty deed dated March 25, 1997, that he received from his mother's estate. The deed refers to a boundary survey prepared for him by Armstrong Land Surveying, Inc., on March 24, 1997. The survey shows that the one-story house is located on Tract 1, which Haffner's father owned, not Tract 2, which Haffner was purchasing from the estate. Although Haffner testified that he was not aware that 116 Golden Lane Road was not within the property described in his deed, he has not shown any impediment that prevented him from reviewing the survey and discovering the mistake. "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not grant relief." OCGA § 23-2-29. See also *Parker v. Fisher*, 207 Ga. 3, 7 (59 SE2d 715) (1950) (rejecting laches defense when plaintiff waited more than nine years after deed was recorded and gave no excuse for the long delay in seeking to reform a lease based on mutual mistake in omitting language).

There is an exception that permits the grant of relief even in cases of negligence when the other party has not been prejudiced. See OCGA § 23-2-32 (b); *Curry v. Curry*, 267 Ga. 66, 67 (1) (473 SE2d 760) (1996) (reforming deed to owner's grandson that erroneously

included the description of a lot that the grantor had previously conveyed). "Equity will correct mistakes between the original parties and their privies . . . , except as against bona fide purchasers without notice." *Long v. Gilbert*, 133 Ga. 691, 693 (1) (66 SE 894) (1909) (reforming deed based on mutual mistake in lot number when buyer had knowledge of the facts and paid no purchase money). The exception does not apply here since the original grantor, Haffner's father, no longer owns Tract 1, and the Davises are bona fide purchasers who had no notice of the mistake until two years after they purchased the property from the bank. Because Haffner did not act with reasonable diligence to verify that the house known as 116 Golden Lane Road was located on the land that he received under the deed and the subsequent purchasers would be prejudiced if he were granted relief, we affirm the trial court's denial of summary judgment to Haffner and grant of summary judgment to the Davises and the bank.

*Judgment affirmed. All the Justices concur, except Carley, P. J., and Nahmias, J., who concur in Divisions 1 and 3, and in the judgment.*

DECIDED MARCH 23, 2012.

*Bryan P. Hilton*, for appellant.
*Tisinger Vance, Charles D. Mecklin, Jr., Daniel B. Greenfield*, for appellees.