## S12A0947. EHLERS v. UPPER WEST SIDE, LLC et al.

### (733 SE2d 723)

MELTON, Justice.

On February 27, 2004, Allen Ehlers signed a contract to sell certain property located at 2220 Bernard Road to Keith Sharp, the owner of Upper West Side, LLC.[1] Allen had acquired the property in question pursuant to a September 5, 1995 deed of assent that identified the land as "Parcel Two," and described the property as a strip of land 25 feet wide and 200 feet long. Although the deed of assent described the land as a 25′ x 200′ strip, Upper West Side believed that it would be purchasing the entire eight-acre tract of land at 2220 Bernard Road at the time that it entered the February 2004 contract with Allen. Eventually, on March 11, 2008, Allen deeded the property in the deed of assent to Upper West Side, and, on April 30, 2008, Upper West Side filed an action in the Fulton County Superior Court seeking to reform the deed of assent and asking the court to declare that, as reformed, the deed conveyed the entire eight-acre tract of Parcel Two, and not just the 25′ x 200′ strip described therein. Following a bench trial, on September 29, 2011, the trial court ruled in favor of Upper West Side, and issued a certificate of immediate review. For the reasons that follow, we affirm.

Some background information is necessary in order to place the current appeal in the proper context. Allen's grandfather, Albert Ehlers (Mr. Ehlers), died on August 11, 1993, leaving a will that named his widow, Dora, and their two sons, James and Albert (Allen's father), as co-executors of his estate. Ever since the will was probated, Dora and her two sons have been engaged in extensive and nearly constant litigation against each other, with some of these matters still pending below (despite the fact that two of the co-executors, Albert and Dora, are now deceased). In August 1994, Dora filed a Petition for Twelve Month's Support for all of Mr. Ehlers' property. While this year's support claim was being litigated between the co-executors, on September 5, 1995, Dora and her sons met in an effort to divide up all of Mr. Ehlers' real property. On that same date, they executed two deeds of assent, one in favor of Albert and one to James. The deed relevant to the current appeal is the one to Albert, which, again, identified the land conveyed therein as "Parcel Two" and described the property (located at 2220 Bernard Road) as a strip of land 25 feet wide and 200 feet long.

---

[1] Mr. Sharp subsequently assigned his rights to purchase the property to Upper West Side, LLC, and Spink Estates, LLC. For ease of reference, these Appellees shall hereinafter collectively be referred to as "Upper West Side."

In 1996, Albert filed an action for declaratory relief in order to clarify that his deed of assent was not subject to Dora's year's support claim. Albert died while the action was pending, and his son, Allen (as executor of Albert's estate), was substituted as a party to the action. On December 10, 1998, the Fulton County Superior Court ruled that Albert's deed of assent superseded Dora's claim for year's support, and further ruled that the two deeds of assent executed by the co-executors included all of the real property contained in Mr. Ehlers' estate.

In 2003, Allen signed a contract with Darlene Palmer[2] to sell her the property at 2220 Bernard Road. Thereafter, on February 27, 2004, Allen signed another contract (the one referenced at the beginning of this opinion) to sell 2220 Bernard Road to Upper West Side. Palmer then sued Allen, seeking specific performance of her contract. Palmer claimed that she was entitled to all of the land in Parcel Two, which purportedly encompassed about eight acres (i.e. the 25' x 200' strip described in Albert's deed of assent plus an additional seven acres). Allen's uncle, James, was later added as an additional party defendant to this case as the executor of Mr. Ehlers' estate.[3] On November 2, 2005, the superior court found, among other things, that (1) Mr. Ehlers had owned the entire eight-acre parcel of land in Parcel Two, and that title to the entire property had passed to Albert upon Mr. Ehlers' death; (2) although the entire eight-acre parcel had passed to Albert, due to a "scrivener's error" in Albert's deed of assent, his son, Allen, only received title to a 25' x 200' strip of land; and (3) Palmer was not entitled to specific performance of her contract for the Parcel Two property. Following this ruling, the parties negotiated a settlement, and Palmer dismissed her case.[4] The parties did not appeal this November 2005 order, and, on March 11, 2008, Allen deeded the property in the deed of assent to Upper West Side.

After Upper West Side filed its action to reform the deed of assent on April 30, 2008, James (the only remaining executor of Mr. Ehlers' estate) filed an answer asserting, among other things, that Upper West Side's claims were barred by the statute of limitations, res judicata, and estoppel by judgment. Following the trial court's ruling in favor of Upper West Side, this Court granted James' application for discretionary appeal.

---

[2] Palmer is not a party to the current appeal.

[3] In the meantime, Dora (Mr. Ehlers' widow) died, leaving James as the only living executor of Mr. Ehlers' estate. James is also executor of his mother's estate and trustee of a trust established by her.

[4] This settlement did not involve Palmer acquiring any of the property identified in the deed of assent.

1. James contends that the trial court erred in concluding that Upper West Side's action to reform the deed of assent was not barred by the seven-year statute of limitations applicable to reformation actions. James is incorrect.

> An action to reform a written document may be brought within seven years from the time the cause of action accrues. As a general rule, the statute of limitation does not commence to run against an equitable action for reformation of a written instrument based on mutual mistake or fraud until the mistake or fraud has been, or by the exercise of reasonable diligence should have been, discovered.

(Citations and punctuation omitted.) *Haffner v. Davis*, 290 Ga. 753, 756 (3) (725 SE2d 286) (2012).

Although it would appear at first glance that neither Albert nor Allen exercised reasonable diligence to discover the "scrivener's error" in the September 5, 1995 deed of assent that conveyed less than eight acres of land (which would have made any action for reformation untimely after September 2002),[5] this does not end our inquiry. Indeed, "[t]here is an exception that permits the grant of [equitable] relief [in the form of contract reformation] even in cases of negligence when the other party has not been prejudiced." *Haffner*, supra, 290 Ga. at 756 (3). See also OCGA § 23-2-32 (b).

Here, it is clear that James, as the executor of Mr. Ehlers' estate, would not be prejudiced if the 1995 deed of assent were reformed to encompass eight acres of land rather than a 25′ x 200′ strip of land. As the executor of Mr. Ehlers' estate, James held "the sacred duty of standing in the place of the deceased and administering his estate as directed." (Citation and punctuation omitted.) *Ringer v. Lockhart*, 240 Ga. 82, 84 (239 SE2d 349) (1977). In this regard, the Fulton County Superior Court made clear in its unappealed November 2005 ruling that (1) Mr. Ehlers had always intended to convey to Albert, and did in fact convey to him, the eight acres of land located at 2220 Bernard Road; and (2) the only reason that this eight-acre conveyance was not properly reflected in the 1995 deed of assent was due to a "scrivener's error." Because this order was never appealed, James

---

[5] See *Haffner*, supra, 290 Ga. at 756 (3). See also *Beckwith v. Peterson*, 227 Ga. 403, 404 (1) (181 SE2d 51) (1971) ("failure . . . to read the deed will not affect the conveyance of title, for he 'who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as to prevent him from reading' ") (citations and punctuation omitted); OCGA § 23-2-29 ("If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not grant relief").

is bound by these findings. See, e.g., *Nally v. Bartow County Grand Jurors*, 280 Ga. 790 (3) (633 SE2d 337) (2006). Accordingly, far from suffering any "prejudice" through the possibility of having the deed of assent reformed, James was actually *obligated* to ensure that the deed could be reformed to reflect Mr. Ehlers' desire to convey the entire eight acres of land at 2220 Bernard Road upon his death. See *Curry v. Curry*, 267 Ga. 66, 67 (1) (473 SE2d 760) (1996) ("A petition for reformation of a written contract will lie where by mistake of the scrivener and by oversight of the parties, the writing does not embody or fully express the real contract of the parties") (punctuation and footnote omitted).

Thus, the trial court was ultimately correct in its conclusion that an action to reform the 1995 deed of assent was not barred by the seven-year statute of limitations. See *Curry*, 267 Ga. at 67 (1) ("[T]he negligence of the complaining party will not defeat his right to reformation if the other party has not been prejudiced") (footnote omitted).[6]

2. In light of our analysis in Division 1, James' argument that a reformation action would also be barred by res judicata or collateral estoppel is likewise without merit. Indeed, as is made clear above, the trial court's November 2005 order does more to open the door to an action for reformation of the 1995 deed of assent than to prevent such an action from being pursued.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2012 —
RECONSIDERATION DENIED NOVEMBER 27, 2012.

*Raiford & Dixon, Tyler C. Dixon, Janet Litt*, for appellant.
*Kennon Peebles, Jr., Leon A. Van Gelderen*, for appellees.

---

[6] We note that Allen is not a party to this appeal, and we make no ruling as to whether or not Upper West Side was the proper party to seek reformation of the deed of assent from Mr. Ehlers' estate, as that issue was not raised in this appeal.