**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 11, 2014**

# In the Court of Appeals of Georgia

A13A2367. MCCALL et al. v. WILLIAMS et al.

McFADDEN, Judge.

This appeal is from a trial court's finding that an action to set aside an allegedly fraudulent deed is barred by the statute of limitations. Because the trial court correctly ruled that the action is time-barred, we affirm.

In 1994, Elizabeth McCall and four of her siblings executed a deed conveying certain family land to their brother, Robert Williams. In 2005, Robert Williams died intestate. In 2011, McCall and others filed a petition against Williams' widow and children, seeking to set aside the 1994 deed of conveyance as allegedly fraudulent. The defendants moved to dismiss the complaint as barred by the statute of limitations. The trial court granted the motion, finding that the action was barred by the applicable seven-year statute of limitations. McCall and the other plaintiffs appealed

to the Georgia Supreme Court, which transferred the case to this court on the basis that "actions to set aside or cancel a deed do not invoke either [the Supreme Court's] title to land jurisdiction or equity jurisdiction."

1. *Seven-year statute of limitations.*

An action seeking to set aside or cancel an allegedly fraudulent deed must be brought within seven years from the time the fraud became known. *Serchion v. Capstone Partners*, 298 Ga. App. 73, 76 (1) (679 SE2d 40) (2009). "[T]he seven-year period does not commence until the fraud is or should have been discovered in the exercise of due diligence, absent a confidential or fiduciary relationship which justified reliance. [Cits.]" *Evans v. Dunkley*, 316 Ga. App. 204, 207 (1) (728 SE2d 832) (2012). As set forth in their petition, the fraud alleged by the plaintiffs is that their now-deceased brother, Williams, told them the document was an easement; that they were provided the signature pages; and that they signed without knowing it was in fact a deed because they trusted and relied on their brother. The plaintiffs acknowledge that they failed to read the deed before signing it.

The "failure to read the deed will not affect the conveyance of title, for he who can read must read, or show a legal excuse for not doing so, and that fraud which will relieve a party who can read must be such as to prevent him from reading." *Ehlers v.*

2

*Upper West Side*, 292 Ga. 151, 153 (1) n. 5 (733 SE2d 723) (2012) (punctuation omitted), quoting *Beckwith v. Peterson*, 227 Ga. 403, 404 (1) (181 SE2d 51) (1971). See also *Wright v. Safari Club Intern.*, 322 Ga. App. 486, 493 (4) (745 SE2d 730) (2013) (one who can read, must read, for he is bound by his contracts). "'If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not grant relief.' OCGA § 23-2-29." *Haffner v. Davis*, 290 Ga. 753, 756 (3) (725 SE2d 286) (2012). Here, the plaintiffs can read and therefore, by reasonable diligence, could have had knowledge of the truth of the deed by simply reading it. They have made no showing that there was any fraud which prevented them from doing so, and the allegation that Williams made fraudulent statements did not relieve them of their duty to read the deed before signing.

Moreover, the mere fact that Williams was related to the plaintiffs did not create a fiduciary or confidential relationship upon which they could have justifiably relied. "A mere kinship by blood does not create such a relation. [Cits.]" *Stephens v. Walker*, 193 Ga. 330, 332 (2) (18 SE2d 537) (1942).

> The fact that the plaintiff[s] and the [decedent] are [siblings] does not of itself create a confidential or fiduciary relation between them. There is no presumption that such relation exists between [siblings], arising solely from the fact that they are so related. If a confidential or fiduciary relation exists between [siblings], it must be shown by proof, and the

burden is upon the party asserting the existence of such relationship to affirmatively show the same.

*Crawford*, 134 Ga. 114, 119 (1) (67 SE 673) (1910). The plaintiffs have made no such affirmative showing of a fiduciary relationship. On the contrary, McCall acknowledged that her relationship with Williams was "rocky" and another of the plaintiffs stated that he was "never around him that much." Regardless, there simply is no evidence of a confidential or fiduciary relationship in this case. See *Crumbley v. McCart*, 271 Ga. 274, 276 (517 SE2d 786) (1999) (fact that parties were brothers did not demonstrate the existence of a confidential relationship).

"[I]n the absence of a fiduciary relation, even fraud will not prevent a suit from being barred, where the plaintiff has failed to exercise reasonable diligence to detect such fraud. [Cits.]" *Stephens*, supra. Because there was no fraud that prevented the plaintiffs from reading the deed and no fiduciary relationship with Williams upon which they could have justifiably relied, the plaintiffs should have discovered the alleged fraud at the time they executed the deed in 1994. Accordingly, the seven-year statute of limitations began to run at that time and expired well before they filed their action in 2011. See *Denson v. Denson*, 214 Ga. 8, 11 (1) (102 SE2d 605) (1958) ("plaintiffs having means of ascertaining the existence of facts upon which their right

4

is predicated, must exercise reasonable diligence to discover these facts before they can avoid the effect of the statute of limitations"). The trial court thus did not err in ruling that the action was barred by the statute of limitations. See *Hall v. Lofton*, 275 Ga. 162, 163 91) (563 SE2d 128) (2002).

2. *Other enumerations.*

Because of our holding above in Division 1, we need not address the remaining enumerations of error.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*