**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2015**

# In the Court of Appeals of Georgia

A14A1656. COHEN et al. v. WACHOVIA MORTGAGE CORPORATION.

PHIPPS, Chief Judge.

On March 11, 2011, Wachovia Mortgage Corporation (hereinafter "WMC") filed a law suit against Richard Cohen and Vikki Cohen (husband and wife ), seeking the equitable reformation of a 2002 security deed to add Vikki Cohen as a grantor, where previously only Richard Cohen was a grantor under the deed. WMC claimed that it was through a mutual mistake of fact that Vikki Cohen had not been included as a grantor of the 2002 security deed. Discovery ensued. Thereafter, WMC moved for summary judgment, which the trial court granted. Because the statute of limitation bars WMC's suit and judicial estoppel does not apply, we reverse.

"In reviewing a trial court's order granting summary judgment, this Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the party opposing summary judgment."[1]

The following is undisputed. On or about July 23, 1998, a quitclaim deed was executed conveying a certain tract or parcel of land to Richard Cohen and Vikki Cohen. That same day, both Richard and Vikki Cohen executed a promissory note and a security deed for the property in favor of Wachovia Mortgage Company in exchange for a loan from Wachovia Mortgage Company in the amount of $338,000. On or about July 24, 1998, both Richard and Vikki Cohen executed a promissory note and a deed to secure debt for the property in favor of Wachovia Bank, N. A. in exchange for a loan in the amount of $50,000. The July 24, 1998 deed to secure debt was executed "subject to" the security deed dated July 23, 1998. On or about October 31, 2002, Richard Cohen obtained from WMC a "refinance loan" in the amount of $450,000. At the loan closing in 2002, Richard Cohen executed a security deed for the property in favor of Mortgage Electronic Registration Systems, Inc., as nominee for WMC, to secure the 2002 loan.

---

[1] *Haffner v. Davis*, 290 Ga. 753, 754 (1) (725 SE2d 286) (2012) (citation omitted); *Rollins v. Rollins*, 329 Ga. App. 768, 772 (3) (a) (766 SE2d 162) (2014).

In its complaint (filed in 2011), WMC alleged that Richard Cohen had defaulted on the payments due on the 2002 loan, and that when WMC "prepared to conduct a foreclosure of the Property[,] [i]t was at that time that [WMC] discovered that, by reason of the mistaken omission of Ms. Cohen as a grantor in the 2002 Security Deed, the 2002 Security Deed did not encumber a 100% interest in the Property." WMC alleged that "[a]s a result of the mistaken omission of Ms. Cohen as a grantor in the 2002 Security Deed, and as a result of Ms. Cohen's failure to execute the 2002 Security Deed as a grantor, [WMC] is unable to foreclose on the entire fee simple interest in the Property."

Richard and Vikki Cohen denied the existence of any mutual mistake of fact. They both averred by affidavit that they had not intended for Vikki Cohen's 50 percent interest in the property to be conveyed in the 2002 refinance transaction. Richard Cohen further averred that WMC had not intended for Vikki Cohen's interest in the property to be conveyed "at the timing of executing the 2002 Loan."

"Equity will relieve against mutual mistake, but only at the instance of a complainant who moves with reasonable diligence."[2]

---

[2] *Parker v. Fisher*, 207 Ga. 3, 6 (59 SE2d 715) (1950) (punctuation omitted).

3

An action to reform a written document may be brought within seven years from the time the cause of action accrues. As a general rule, the statute of limitation does not commence to run against an equitable action for reformation of a written instrument based on mutual mistake or fraud until the mistake or fraud has been, or by the exercise of reasonable diligence should have been, discovered.[3]

"A plaintiff cannot sit quietly by for a length of time exceeding that named in the statute of limitations, and avoid its operation and save his cause of action by the mere allegation that he made the discovery."[4] An action to reform a deed may not be barred by the seven-year statute of limitations, however, if the non-complaining party will not be prejudiced.[5]

The Cohens claimed that WMC's suit was barred because the statute of limitation in which to bring an action for reformation had expired. But the trial court disagreed, determining that the statute of limitation had been tolled by WMC's discovery of the "mutual mistake" in 2011, and that even if the statute of limitation

---

[3] *Ehlers v. Upper West Side, LLC*, 292 Ga. 151, 153 (1) (733 SE2d 723) (2012) (citation omitted).

[4] *Evans v. Lipscomb*, 266 Ga. 767, 770 (2) (470 SE2d 641) (1996) (citation and punctuation omitted).

[5] *Ehlers*, supra at 153-154 (1).

4

had not been tolled based thereon, Vikki Cohen would not be prejudiced by a reformation of the 2002 deed.

1. *The statute of limitation had not been tolled*. In its appeal brief, WMC posits that "unbeknownst to [WMC], Mr. Cohen did not obtain from Ms. Cohen her one-half interest in the Property prior to the closing of the 2002 Loan." But the evidence reflects that WMC could not avail itself of the mutual mistake defense because it knew or should have known in 2002 (before the loan closing) of Vikki Cohen's interest in the property.

The record reflects that had WMC conducted an examination of the public property records in 2002, it would have shown Vikki Cohen's interest in the property.[6] And beyond the record notice of Vikki Cohen's interest in the property, WMC had actual notice because it was the lender on one of the prior loans on the subject property about four years earlier, for which Vikki Cohen had executed a deed and promissory note conveying to WMC[7] her interest in the property as security for

---

[6] See *Brandenburg v. Navy Federal Credit Union*, 276 Ga. App. 859-861 (1) (625 SE2d 44) (2005) (lender that failed to conduct title examination was charged with notice of recorded property interest).

[7] In its summary judgment brief, WMC also held itself out as Wachovia Mortgage Company; the same is true in WMC's appeal brief.

the loan. Furthermore, on the 2002 loan application, Richard Cohen stated that the purpose of the loan was for a "Refinance" of his primary residence, and he disclosed that he was married and that the "Manner in which Title will be held [is] JT TENANTS W/RT OF SURVIVORSHIP."

"It is incumbent on the plaintiff, in order to repel the presumption of unreasonable delay, to allege in his petition the impediments to an earlier prosecution of his claim. This was not done. The laches of the plaintiff is so palpable from the petition that"[8] WMC was not entitled to relief thereunder. WMC waited "nine years before [it] aroused [it]self from lethargy,"[9] and under the facts of this case, the statute of limitation was not tolled.[10]

---

[8] *Parker*, supra at 7 (citations omitted).

[9] Id.

[10] See *Evans*, supra (seven-year limitation period was not tolled due to mistake or fraud when the tenant-in-common failed to conduct a survey of the property at the time it was partitioned and a visual inspection should have made him aware that the tract he received did not consist of the purported 50 acres; "when a defendant pleads laches or the statute of limitation, as in this case, it is incumbent upon the party applying for the relief to show what impediments stopped him or her from discovering the mistake or fraud through reasonable diligence"); *Parker*, supra at 6-7; *Brandenburg*, supra at 861.

2. *Vikki Cohen would be prejudiced by a reformation of the 2002 deed*. Relying upon *DeGolyer v. Green Tree Servicing, LLC*,[11] the trial court ruled that the reformation of the 2002 security deed to reflect that the entire property was subject to the 2002 security deed would not prejudice the Cohens. According to the trial court,

> [t]he undisputed record evidence . . . shows that the Cohens will not be prejudiced if the 2002 Security Deed is equitably reformed such that it conveys a full, first priority security interest and title in the Property to [WMC's successor in interest ]. The Cohens received the loans they bargained for and used the proceeds of the 2002 Loan to pay off [both 1998 loans] on the Property, on which instruments both Mr. and Mrs. Cohen were jointly obligated. The Cohens also used a portion of those funds to retire approximately $66,000 in debt to other creditors. In addition, they have continued to enjoy the unfettered use of the Property, even though they have not made a mortgage payment in three years.

But *DeGolyer* is distinguishable; in that case, reformation of a security deed was an appropriate remedy where it was undisputed that the parties had intended for a certain property to be the subject of a security deed and the collateral for a loan, but the grantors had executed the deed and note documents in their individual capacities

---

[11] 291 Ga. App. 444 (662 SE2d 141) (2008).

instead of as officers of their corporation, and title to the property was held in the corporation's name.[12]

In this case, Richard and Vikki Cohen denied the existence of any mutual mistake of fact. They both averred by affidavit that they had not intended for Vikki Cohen's 50 percent interest in the property to be conveyed in the 2002 refinance transaction. Specifically, Vikki Cohen testified that she had "refused to convey her interest in the property with [the terms proposed by WMC]," and that "[Richard] Cohen and [WMC] later came to an agreement on a loan for Mr. Cohen's 50% interest in the Property. . . . Mr. Cohen has never been empowered to convey my 50% interest in the Property, and has never intended to do so." Richard Cohen's statements were similar to Vikki Cohen's statements; he stated, pertinently, "I never owned the entirety of the Property. I never intended, nor did I convey the entire interest in the Property. I conveyed my 50% interest in the Property to [WMC] in exchange for the 2002 Loan. Any statement to the contrary is either false or intentionally deceptive." Richard Cohen further averred that WMC had not intended for Vikki Cohen's interest in the property to be conveyed "at the timing of executing the 2002 Loan."

---

[12] Id. at 444-447.

As WMC alleged in its complaint, "the 2002 Security Deed did not encumber a 100% interest in the Property," and "as a result of Ms. Cohen's failure to execute the 2002 Security Deed as a grantor, [WMC] is unable to foreclose on the entire fee simple interest in the Property." WMC claimed, "it would be inequitable to allow the use of the 2002 Loan proceeds to result in Ms. Cohen's ½ interest in the Property being unencumbered by the 2002 Security Deed, by reason of the mistaken omission of Ms. Cohen as a grantor in the 2002 Security Deed." Therefore, it is plain that reformation of the 2002 deed would result in Vikki Cohen no longer having an unencumbered one-half interest in the property, and such reformation would be to Vikki Cohen's prejudice.[13]

Accordingly, this action was barred by the seven-year statute of limitation, and the trial court erred by granting summary judgment to WMC.[14]

3. *Judicial estoppel does not apply*. The trial court erred by ruling that the doctrine of judicial estoppel applied, precluding the Cohens from asserting in this case a position contrary to that taken previously in a bankruptcy case. "Under the

---

[13] See *Haffner*, supra at 756-757 (3) (loss of ownership interest in property constituted prejudice so as to bar tolling of statute of limitation).

[14] Id.; cf. *Ehlers*, supra at 153-154 (1).

doctrine of judicial estoppel, a party is precluded from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding."[15]

The trial court found that representations the Cohens had made in a bankruptcy petition they had filed in 2005 were in "direct contradiction" to their argument in the instant case that they had never intended the 2002 loan to encumber Vikki Cohen's interest in the property. The court found the following: in Schedule A of the sworn bankruptcy petition, the Cohens identified the value of the property as $550,000 and the amount of a secured claim with regard to the property as $515,000; in Schedule D of the petition, the Cohens indicated that no portion of the 2002 loan was unsecured; and in Schedules E and F, the Cohens did not include the 2002 loan as an unsecured claim.

Pertinent to the decision whether to apply the doctrine of judicial estoppel in a particular case is that "the party's later position must be 'clearly inconsistent' with its earlier position."[16] WMC contends that the Cohens made "*unequivocal*

---

[15] *Sevostiyanova v. Tempest Recovery Svcs*., 307 Ga. App. 868, 870 (1) (705 SE2d 878) (2011) (citation and punctuation omitted).

[16] *IBF Participating Income Fund v. Dillard-Winecoff*, 275 Ga. 765, 766-767 (573 SE2d 58) (2002) (citation and punctuation omitted).

representations in their 2005 bankruptcy schedules that no portion of the 2002 loan . . . was unsecured."[17] But this is not accurate.

In the underlying case, the Cohens represented that they jointly owned the property, and that Richard Cohen, but not Vikki Cohen, was a party to the 2002 finance transaction. With regard to encumbrances on the property, in Schedule A of the bankruptcy petition, the Cohens indicated that they were joint owners of the property; and in Schedule D, they indicated that only Richard Cohen was the debtor on the loan. Considering these representations in connection with the representations in the petition that no portion of the 2002 loan was unsecured, reflects ambiguity in the bankruptcy petition with regard to encumbrances on the property, but certainly does not amount to a position "clearly inconsistent" with the position taken in the underlying case. Therefore, the trial court erred in ruling that the doctrine of judicial estoppel applied in this case.[18]

*Judgment reversed. Ellington, P. J., and McMillian, J., concur.*

---

[17] (Emphasis supplied.)

[18] See generally *Westmoreland v. JW, LLC*, 313 Ga. App. 486, 491 (3) (722 SE2d 102) (2012).