**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 8, 2016**

# In the Court of Appeals of Georgia

A16A0768. THE CLINE DRIVE LAND TRUST v. WELLS JE-028
   FARGO BANK, N. A.

ELLINGTON, Presiding Judge.

Wells Fargo Bank, N. A. sued The Cline Drive Land Trust seeking, on the grounds of mutual mistake, to reform the legal description of a security deed to include certain Bartow County real property owned by the Trust. The Trust moved for judgment on the pleadings, contending that Wells Fargo's action was barred by the statute of limitation. The trial court rejected the Trust's statute of limitations defense, finding that the statute of limitation did not begin to run against Wells Fargo until it had acquired an interest in the document in 2011. After the trial court denied the Trust's motion, this Court granted its application for leave to appeal the interlocutory order. For the reasons set forth below, we find that the trial court erred

in concluding that Wells Fargo's claim could have accrued no earlier than the date of the assignment of the security deed to Wells Fargo by the original grantee. However, we affirm the trial court's judgment under the right-for-any-reason rule because the pleadings do not show that the Trust is entitled to prevail as a matter of law.

"The issue in a motion for judgment on the pleadings is whether the undisputed facts appearing from the pleadings show the movant is entitled to judgment as a matter of law." (Citation and punctuation omitted.) *Bishop v. Westminster Schools, Inc.*, 196 Ga. App. 891, 892 (1) (397 SE2d 143) (1990). "For the purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false." (Citation and punctuation omitted.) *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 86-87 (1) (2014) (764 SE2d 398) (2014). On appeal, this Court reviews the trial court's decision de novo. *Consolidated Pipe & Supply Co. v. Genoa Constr. Svcs.*, 279 Ga. App. 894, 895 (633 SE2d 59) (2006).

The pleadings show that on May 11, 2005, Robert Garnto obtained a $359,650 loan from Lending Street Mortgage ("LSM"). As part of that transaction, Garnto delivered a security deed to Mortgage Electronic Registration Systems, as nominee for LSM, in order to secure repayment of the loan. The security deed identifies a 3.56

2

acre tract in Bartow County as the property granted and conveyed thereunder. On the day the security deed was executed, Robert Garnto and Drusilla Garnto owned 18.56 acres of land (the "Property") in Bartow County (which included the 3.56 acre tract) on which was located a single family residence.[1] LSM assigned the security deed to Wells Fargo on June 10, 2011. The Trust acquired the Property from Drusilla Garnto in 2012.

In its complaint against the Trust,[2] Wells Fargo alleged that the parties to the loan intended for the Garntos' residence to serve as security for the loan but that the residence does not lie on the 3.56 acre tract identified by the security deed. Wells Fargo sought to reform the security deed by removing the description of the 3.56 acre tract and substituting the legal description of the entire Property.

The Trust moved for judgment on the pleadings on the ground that the seven year statutory limitation period had run. The Trust maintained that the cause of action

---

[1] On the date of the loan transaction, Drusilla Garnto conveyed her interest in the 3.56 acre tract portion of the Property to Robert Garnto, who conveyed the 3.56 acre tract to LSM under the security deed. Robert Garnto then conveyed the 3.56 acre tract to Robert Garnto and Drusilla Garnto, as joint tenants with right of survivorship.

[2] Robert Garnto was originally named as a co-defendant but later disclaimed all interest in the Property. By consent order, the trial court found the Trust to be the appropriate defendant.

3

accrued in 2005, almost ten years before Wells Fargo filed suit. The trial court denied the Trust's motion, rejecting the Trust's argument that, because Wells Fargo stood in LSM's shoes as assignee, its claim was barred by the statute of limitation. Rather, the trial court concluded, in view of *Barron v. Wells Fargo Bank, N.A.*, 332 Ga. App. 180 (769 SE2d 830) (2015), that the statute of limitation began to run against Wells Fargo only upon the assignment of the security deed to Wells Fargo by LSM.

On appeal, the Trust contends that the trial court erred in relying on *Barron* for the proposition that the statute of limitation accrued when LSM assigned the security deed to Wells Fargo. We agree. "An action to reform a written document may be brought within seven years from the time the cause of action accrues." (Citation omitted.) *Haffner v. Davis*, 290 Ga. 753, 756 (3) (725 SE2d 286) (2012). And "[a]s a general rule, the statute of limitation does not commence to run against an equitable action for reformation of a written instrument based on mutual mistake or fraud until the mistake or fraud has been, or by the exercise of reasonable diligence should have been, discovered." (Citation and punctuation omitted.) Id. However, "[a]n action to reform a deed may not be barred by the seven-year statute of limitation . . . if the non-complaining party will not be prejudiced." (Footnote omitted.) *Cohen v. Wachovia Mortg. Corp.*, 332 Ga. App. 109, 111 (770 SE2d 17) (2015). See OCGA § 23-2-32

4

(b) ("Relief may be granted even in cases of negligence by the complainant if it appears that the other party has not been prejudiced thereby."); *Ehlers v. Upper West Side, LLC*, 292 Ga. 151, 153-154 (1) (733 SE2d 723) (2012).

We applied the foregoing principles in *Barron*. In that case, the appellee bank, also Wells Fargo, sued Barron to reform the legal description of property securing a debt owed by Barron to the bank on the ground that the security deed mistakenly identified only a portion of Barron's tract of property. 332 Ga. App. at 180. The trial court granted summary judgment to the bank based on judicial estoppel, finding that Barron had contended in his personal bankruptcy proceeding that he owned one parcel of real property and not two, as he now maintained. Id. We devoted the greater portion of our analysis in concluding that the trial court correctly decided the issue of judicial estoppel. Id. at 183-185 (1). We also, however, considered Barron's contention that the bank's complaint was untimely. Id. at 186-187 (2) (c). We noted that "Wells Fargo was first assigned an interest in the property on April 3, 2007, and it filed suit on August 20, 2012; thus, Wells Fargo filed suit approximately five years and four months after it reasonably could have been expected to discover an error regarding the May 2004 security deed." Id. at 186 (2) (c). We also found, "moreover," that "Barron cannot be prejudiced by the contract reformation because he is judicially

estopped from asserting an unencumbered interest in the property. Thus Wells Fargo's complaint was timely." Id. at 186-187 (2) (c).

We did not hold in *Barron* that the statute of limitations necessarily begins to accrue as to an assignee's action for reformation of contract at the time of assignment. Unlike in this case, whether the bank's predecessor should have discovered the error in the security deed upon exercise of reasonable diligence was not expressly at issue. Nor do the facts of *Barron* imply that we necessarily considered the question.[3] "A decision's holding is limited to the factual context of the case being decided and the issues that context necessarily raises. Language that sounds like a holding – but actually exceeds the scope of the case's factual context – is not a holding no matter how much it sounds like one" (Citation and punctuation omitted.) *Ga. Interlocal Risk Mgmt. Agency v. City of Sandy Springs*, 337 Ga. App. 340 n.1 (788 SE2d 74) (2016).

Notwithstanding Wells Fargo's reliance on *Barron*, "an assignee takes the assignment subject to defenses against the assignor," including the defense of the bar of the statute of limitations. *Pridgen v. Auto-Owners Ins. Co.*, 204 Ga. App. 322, 323

---

[3] The evidence in *Barron* showed that, following the assignment to the bank, an employee of a title agency filed an affidavit of a scrivener's error that "'someone' at the title agency" had caused the security deed at issue to be filed with an incorrect legal description. 332 Ga. App. at 182.

(419 SE2d 99) (1992).[4] See *Houghton v. Sacor Financial, Inc.*, 337 Ga. App. 254, 258-259 (1) (b) (i) (786 SE2d 903) (2016) (assignee of a contract could not start a new limitation period for filing breach of contract action by demanding that the other party pay the assignee an amount due under the contract). Thus, Wells Fargo took the security deed subject to the defense of the bar of the statute of limitation and stood in the shoes of LSM insofar as when the claim for reformation of the security deed began to accrue. It follows that the trial court erred in concluding that the statute of limitations accrued no earlier than the assignment of the security deed to Wells Fargo. Further, the pleadings show that the alleged mistake in the legal description was apparent on its face and could have been ascertained by LSM with reasonable diligence by reading the security deed. See, e.g., *Cohen v. Wachovia Mortg. Corp.*, 332 Ga. App. at 111 (statute of limitations not tolled where the lender alleged a mutual mistake in the mistaken omission of the co-owner of secured property as a grantor under the security deed, but the lender knew or should have known of the co-

---

[4] An assignee "stands in the shoes" of its assignor, and thus "obtains no greater rights than the assignor possessed at the time of assignment." (Citations omitted.) *Southern Telecom Inc. v. TW Telecom Inc. of Georgia L.P.*, 321 Ga. App. 110, 114 (741 SE2d 234) (2013). In other words, "the assignee has no more rights under the contract than the assignor would have in dealings with the other contracting party." *Algernon Blair, Inc. v. Nat. Surety Corp.*, 222 Ga. 672, 673 (151 SE2d 724) (1966).

7

owner's interest in the property at the time of the loan); *Layfield v. Sanford*, 247 Ga. 92, 93 (274 SE2d 450) (1981) (reformation of instrument denied where complaining party had "not bothered to read the deed or have it read to him or have the property surveyed").

Although the trial court erred in its analysis, the pleadings do not establish that Wells Fargo would be unable to prevail on its claim for reformation of the security deed.[5] In the case of a mutual mistake, reformation of an agreement to reflect the parties' actual intent is not necessarily prejudicial to the non-complaining party. See, e.g., *Hill* v. *Agnew*, 199 Ga. 644, 646 (34 SE2d 702) (1945) ("If [defendant] gets what he bought, then he can not be hurt by reforming the instrument, so as to keep him from getting what he did not buy.") (citation and punctuation omitted); *McCollum v. Loveless*, 187 Ga. 262, 267 (3) (200 SE 115) (1938) ("[T]he defendant will not be

---

[5] See *Harper v. Patterson*, 270 Ga. App. 437, 439 (2) (606 SE2d 887) (2004) (A motion for judgment on the pleadings, absent the introduction of affidavits, deposition or interrogatories in support of the motion, is equivalent to a motion to dismiss for failure to state a claim, which "should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of [its] claim.") (citation and punctuation omitted); *Auerback v. Maslia*, 142 Ga. App. 184, 186 (2) (235 SE2d 594) (1977) ("Judgment on the pleadings may be granted only where it appears from the pleadings themselves that the person against whom judgment is sought can in no event prevail.") (citation omitted).

prejudiced by the reformation of the deed so as to make it speak the truth."). And, as we noted above, the limitation period may not bar a reformation claim if the non-complaining party will not be prejudiced. *Cohen v. Wachovia Mortg. Corp.*, 332 Ga. App. at 111. The Trust argues that it would necessarily be prejudiced by the reformation of the security deed in that the Trust was a bona fide purchaser for value who took without notice that Wells Fargo claimed an interest in all of the Property. See *Haffner v. Davis*, 290 Ga. 753, 756 (3) (725 SE2d 286) (2012) (subsequent purchasers would be prejudiced by the reformation of the warranty deed as they were "bona fide purchasers who had no notice of the mistake until after" they bought the property). Here, although it can be inferred from the deed to the Trust that it paid value for the Property, the Trust does not point to anything in the pleadings that establishes it had no notice of the alleged mutual mistake in the security deed or that, as a matter of law, Wells Fargo could not prevail by showing a lack of prejudice to the Trust if the security deed was reformed. See, e.g., *Whiten v. Murray*, 267 Ga. App. 417, 421 (599 SE2d 346) (2004) ("Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led."). The Trust has not established, at this stage of the litigation, that it is entitled to judgment. See *Gamble v. Pilcher*, 242 Ga. 556, 558 (250 SE2d

416) (1978) (trial court erred in granting judgment on the pleadings where appellee had not shown that it took the security deed without knowledge of the materialman's claim against the property). Accordingly, we affirm the trial court's denial of the Trust's motion for judgment on the pleadings under the principle of right for any reason. See *Ford v. Atkinson Dredging Co.*, 222 Ga. App. 593, 594 n.1 (474 SE2d 652) (1996) ("[A] judgment right for any reason will be affirmed.").

*Judgment affirmed. Branch and Mercier, JJ., concur*.